## CLARISSA M. BEERS *vs.* RUBY L. KATELY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

The plaintiff, an aunt of the defendant who was a minor and lived with her, proposed to buy a lot and erect a dwelling-house at their joint expense, but the investment was forbidden, so far as the defendant was concerned, by her guardian. The plaintiff then borrowed money of the guardian, mortgaging the lot purchased, together with other real estate, and built the house on her own account. *Held* that the mere expectation or belief of the parties that after the niece became of age some satisfactory arrangement would be made between them in respect to the house, did not create any equity in the plaintiff which would entitle her to enjoin the foreclosure of the mortgages which she had given to the defendant's guardian.

Argued November 8th—decided December 18th, 1900.

ACTION for the specific performance of an agreement respecting real estate, for an injunction, and for damages, brought to the Superior Court in Fairfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The complaint alleged that in 1893 the defendant, who is a niece of the plaintiff, was a minor and was living with the plaintiff; that said niece had a guardian of her person and also of her property, which amounted to about $70,000; that it was then agreed between the parties, with the consent and

Beers *v.* Kately.

approval of said guardian, that the plaintiff should buy a lot and erect a dwelling-house on it, using her own funds and about $16,000 of the niece's money, to secure the repayment of which the plaintiff was to give a mortgage covering such lot and dwelling-house and certain other real estate; that the parties were to occupy the house together, and that when the niece became twenty-one she was to repay the plaintiff for all expenditures incurred for said lot and house over and above the amount furnished by the niece, and the plaintiff was thereupon to convey the property to the niece; that this agreement had been performed by the plaintiff, but that the niece had, upon reaching nineteen, married, and left the plaintiff and said house, and upon attaining her majority had refused to carry out her contract.

The guardian had foreclosed the mortgage and the plaintiff now sought to restrain the niece from taking possession of the mortgaged premises; she also claimed a specific performance of the alleged agreement and $15,000 damages.

After a demurrer to the complaint had been overruled, the defendant pleaded a general denial, and infancy, and filed a counterclaim for an injunction restraining the plaintiff from transferring any of her property and so putting it out of the defendant's power to recover the full amount of the mortgage loan.

The trial court found that no such agreement as alleged in the complaint had ever been made; that the parties were desirous of building a house, but that the guardian, when requested to supply the money needed from the niece's estate, declined to do so and informed each of the parties that he did not regard it as a prudent investment. Subsequently he consented to loan the plaintiff $10,000 for a house to be erected by her on her own account, and this loan was secured by a mortgage upon the house and other real estate of the plaintiff. The plaintiff and her niece talked over the plans for the house and were entirely agreed about them. Each believed that the friendly relations then existing between them would continue, and that they would occupy the house together indefinitely.

" The plaintiff expected that if at any time in the future she so desired, either the defendant would, when she became of age, pay to the plaintiff the amount expended in the purchase of the lot and erection of the house, the title to the premises to be conveyed to the defendant, or, if the plaintiff so wished, she herself would hold the title and continue to reside in the house with the defendant, or that some other arrangement agreeable to both plaintiff and defendant would be made some time in the future.

" The defendant knew that the plaintiff expected some arrangement other than that she, the defendant, would continue to hold the mortgages upon the property in question after she became of full age. The defendant also intended and believed that some arrangement would be made acceptable to both herself and the plaintiff. Each trusted to the other and anticipated no trouble in reaching a satisfactory understanding when the time should arrive."

Further facts are stated in the opinion.

The appeal (under different forms of statement) claims error (1) in overruling the demurrer to the counterclaim; (2) in holding upon the facts found that the plaintiff was not entitled to equitable relief as against the defendant; (3) in refusing to hold that under the allegations of the complaint enough was proven to entitle the plaintiff to equitable relief; (4) in holding that upon the facts found she was not entitled to any relief whatever, though an amendment were filed.

*Robert E. DeForest*, for the appellant (plaintiff).

*Goodwin Stoddard* and *William B. Boardman*, for the appellee (defendant).

HAMERSLEY, J. In view of the judgment rendered, the disposition made of the demurrer to the counterclaim is immaterial.

We assume, but only for the purposes of this case, that judgment might properly have been rendered for the plaintiff,

Beers v. Kately.

under the complaint as it stands, if the facts found by the court are sufficient to entitle her to any equitable relief. Assuming this, it seems to us that the facts found are plainly insufficient to support any judgment for the plaintiff. The finding not only negatives the agreement alleged in the complaint, but it also negatives any agreement susceptible of enforcement at law or in equity. The plaintiff, possessed of $20,000, and the defendant, who was her niece and also heir to $53,000 (then only sixteen years old), were desirous of investing some $28,000 in a lot and dwelling-house. The guardian of the niece and of her property forbade the investment so far as she was concerned. The aunt then entered upon the investment for herself. She could not involve the niece by borrowing money of the guardian instead of another person. If such an investment proved profitable the niece could not compel her aunt to share with her the profits; if it proved unprofitable the aunt could not compel the niece to share with her the loss. The investment by the aunt independent of her niece, and the loan transaction with the guardian for the purpose of carrying out this independent investment, are apparent from the finding. The separate and not altogether concurring expectations and intentions of each, as to their future relations and possible arrangements in respect to the aunt's investment, did not constitute an agreement; and were far too indefinite to support any equities in favor of the plaintiff, even if a court of equity, in view of the relation of confidence and trust indicated in the finding, would entertain her complaint.

The argument of the plaintiff deals so largely with a condition inconsistent with the finding, that there is some difficulty in apprehending the precise claim urged in respect to the facts as they appear of record. Apparently the claim is that the expectations and intentions entertained by the parties, respectively, in some way gave to the niece her aunt's property, which equity will not allow her to retain without giving some effect to her intentions; or that the conduct of the niece has led the aunt into expenditures beneficial to her niece, and that the retention of such benefit is a fraud which

Beers *v.* Kately.

furnishes ground for equitable relief. A radical trouble with this claim is that the assumption that these intentions operated to vest any property of the aunt in the niece is wholly unwarranted by the finding, and the minority of the niece renders any inquiry into her conduct unimportant.

The plaintiff also urges that the answer of the defendant admits the allegation of the complaint, that the plaintiff's whole property consists in the amount she has invested in the dwelling-house and the other land covered by the mortgages, and that she has no funds with which to redeem and will be reduced to penury unless the court grants her equitable relief. It would seem that this admission involves the fact that the present value of the dwelling-house, together with the other land owned, substantially amounts to no more than the $16,000 borrowed, with accrued interest. But however unfortunately the investment may have turned out, there is no ground for compelling the niece to share the loss of an improvident investment which her guardian has protected her from making. If the investment has really proved as foolish as this admission of the pleadings would indicate, the most that can be said for the plaintiff is that she suffers in part from counting on the present intentions and generous impulses of a girl of sixteen, who looks upon her as a mother and places in her implicit confidence, without taking into account the possible intervention and counteracting influence of marriage and maternity.

There is in truth no controverted question of law involved in this case; the principles of equity invoked by the plaintiff have no application to the facts of the finding.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.